UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,,

    Plaintiff,

v.                                                              Case No. 16-mc-51359
                                                                Case No. 16-cr-2072

JOE W. MENIFIELD,                               HON. AVERN COHN

    Defendant.

And

STATE OF MICHIGAN,
DEPARTMENT OF TREASURY.

    Garnishee.

_____/

## ORDER DENYING DEFENDANT'S REQUEST FOR HEARING AND OBJECTION TO GARNISHMENT (Doc. 4)

I.

This is a garnishment action which grew out of a criminal case. Defendant requests a hearing on the garnishment issued by the State of Michigan, Department of the Treasury because he "feels that [he] does not owe, that money, because [his] illness is real. Doctors prof, medical record" (Doc. 4 at p. 1). As will be explained, defendant's request is a challenge a judgment and order of restitution entered against him in a criminal case. See United States v. Menifield, case no. 16-cr-20272. The government opposes the request. (Doc. 5). For the reasons that follow, the request for hearing is DENIED. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.

In April of 2016, defendant was charged in an information with a violation of 18

U.S.C. § 1920, making a False Statement to Obtain Federal Employees' Compensation Benefits.  Defendant later entered into a plea agreement in which he agreed to pay restitution in the amount of the federal workers' compensation benefits and social security benefits he received, to which he was not entitled, specifically, $42,194.44 to the United States Department of Labor, Office of Workers' Compensation Program, and $16,793 to the Social Security Administration.  The Court sentenced defendant to 24 months probation and ordered restitution as provided in the plea agreement.

In an attempt to collect this debt, the government applied for and received a writ of garnishment directed to the State of Michigan, Department of Treasury.  (Doc. No. 1)  This type of garnishment is designed to attach to payments from the Michigan Department of Treasury to a defendant.  As applied to defendant, only defendant's future State of Michigan income tax refunds as the only currently eligible source of funds likely to be attached by this writ of garnishment.

III.

The provisions of 28 U.S.C. § 3202(d) limit the issues at a hearing about a garnishment to (1) the probably validity of a claim of exemption; (2) compliance with the statutory requirements for the issuance of the garnishment; and (3) a review of the basis for the entry of a default judgment against a debtor.  Here, defendant appears to contend that he is entitled to an exemption for annuity and/or pension payments.  (Doc. 4, at p. 2).  This contention lacks merit.  The government has not issued a writ of garnishment for any pension or annuity funds that may be due to defendant.  Thus, there is no basis for a hearing.

Further, as explained in detail in the government's opposition, the government is entitled to collect the restitution owed through the use of debt collection efforts under the

Federal Debt Collection Procedures Act, 28 U.S.C. § 3001.  This includes issuing writs of garnishment against property that is in the "possession, custody, or control of a person other than the debtor," in which the debtor "has a substantial nonexempt interest," in order to satisfy a judgment against a debtor.  28 U.S.C. § 3205(a).

Here, defendant owes restitution (a debt) based upon the Court's judgment.  The restitution is owed to the United States Department of Labor and the Social Security Administration, both agencies of the United States.  Under 28 U.S.C. § 3205, a judgment debtor or the United States may file objections to the garnishee's answer and request a hearing. The objecting party "…shall state the grounds for the objection and bear the burden of proving such grounds" 28 U.S.C. § 3205(c )(5).  Here, defendant does not contest that the garnishment provisions apply or that they were not properly followed. Rather, he objects to the amount of restitution imposed at sentencing. Raising objections to the validity of a criminal restitution judgment in response to a writ of garnishment is plainly an impermissible collateral attack on the criminal judgment. See United States v Miller, 588 F. Supp. 2d 789, 801 (W.D. Mich. 2008)(adopting Magistrate Judge's report and recommendation and overruling defendant's objections to same).  Defendant has not identified any basis so extraordinary as to warrant the Court to revisit the restitution award.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2016
       Detroit, Michigan